**JOHN WEENINK & SONS CO., Relator, v CUYAHOGA COMMON PLEAS et., Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20730.   Decided January 12, 1948.

Arthur P. Gustafson and Tjoe Spilka, Cleveland, for relator.

Frank T. Cullitan, County Prosecutor, Cleveland, for respondents.

## OPINION

By SKEEL, J.

Relator filed its petition in this court as an original action seeking a writ of prohibition against the common pleas court and the judges thereof, to prevent the trial of the issues in cause No. 560248 entitled, City of Cleveland v Chicago Car Advertising Company, et al, in which action the City of Cleveland seeks a declaratory judgment as to its rights and duties with regard to the several defendants under a written contract with The Diamond 'D' Corporation.

The petition for such declaratory judgment recites that the City of Cleveland as owner of the Public Auditorium entered into a contract with The Diamond 'D' Corporation whereby it rented a part of the auditorium to said corporation for the purpose of conducting a certain rodeo. The Diamond 'D' Corporation assigned said contract to one P. X. Corporation. The P. X. Corporation failed to carry out its obligation under the contract, the city being compelled to pay out certain funds to workers and performers and finally was compelled to take over the operation and management of the rodeo.

In so doing the city collected all the funds derived from the sale of tickets, as provided for by the contract, and paid out such of the funds as was necessary to carry on the rodeo. That at the conclusion of the presentation of the show, the city had received from the sale of tickets $17,348.26. There was deducted from said amount the money advanced by the

city to The Diamond 'D' Corporation and other necessary expenses expended by it in carrying on the rodeo, in the sum of $11,241.50. The city then had in its possession $6107.75 out of which to pay the rent yet unpaid of $10,400.00 and other charges due it under the contract.

The petition further alleges that defendant, The Chicago Car Advertising Company, after securing judgment against the Diamond 'D' Corporation and an order sustaining its attachment of the funds above referred to, held by the city, filed an action in the municipal court seeking judgment against the City of Cleveland in the sum of $2051.03 by reason of its order of attachment and that unless enjoined the plaintiff alleges the said defendant will proceed with such litigation to secure judgment on such order to pay out of said funds and that it has no adequate remedy at law, its only remedy being equitable.

It is also alleged that defendant, Sam Abrams, d. b. a. The Ohio Advertising Agency brought action in the common pleas court against The Diamond 'D' Corporation seeking judgment for $6502.70 and that judgment was entered for $6527.20 and thereupon an action was instituted against the City of Cleveland seeking to collect said judgment out of the funds in the city's possession and unless restrained, will proceed with such action.

That the defendant, The American Ticket Company, an Illinois corporation, instituted an action against The Diamond 'D' Corporation in the municipal court of Cleveland for $636.31 and in such action filed an attachment proceeding, naming the City of Cleveland a garnishee and upon trial, judgment was entered and an order upon the city to pay out of said funds was issued and that the said defendant has now instituted and there is now pending an action in the municipal court praying judgment against the city on said order of attachment. The plaintiff alleges that unless restrained said defendant will proceed with such litigation and that the city has no adequate remedy at law, its remedy being equitable.

That defendant, The John Weenink & Sons Company instituted an action in the Municipal Court of Cleveland against The Diamond 'D' Corporation for $285.15 in which the city was named as garnishee.

That on November 17, 1944, the P. X. Corporation instituted an action in common pleas court against The Diamond 'D' Corporation and the City Concession Company and the City of Cleveland, seeking judgment against the City of Cleveland in the sum of $1825.00 and asking cancellation of

a certain check issued by The Diamond 'D' Corporation to the City of Cleveland at the time the city advanced money to said corporation, which check was presented for payment, but payment was refused because of insufficient funds on deposit in the bank on which it was drawn. The Diamond 'D' Corporation filed a cross-petition in said action asking that the city be enjoined from disposing of any of the money in its possession which was received under said contract between it and the city leasing the Public Auditorium for the rodeo. That the defendant, The John Weenink & Sons Company, upon application was also made a party defendant in said action and filed a cross-petition seeking to collect the sum of $258.15 out of the funds held by the city which claim is the same as that upon which defendant Weenink & Sons Company found their action in the municipal court, above referred to. That unless restrained these defendants will proceed with the foregoing actions prior to the determination of this action to the irreparable injury of the City of Cleveland.

That the National Ticket Company, an Ohio corporation, instituted an action against The Diamond 'D' Corporation in the Municipal Court of Cleveland and obtained a judgment in the sum of $562.61 and thereupon issued an order of attachment and ordered the city to pay the amount of the judgment out of said funds and that said National Ticket Company now threatens to bring an action on said order and unless restrained will do so. That the city has no adequate remedy at law, its remedy being an equitable one.

That the defendant, Daus Burnett, d. b. a. B & B Radio & Electric Service Company, and defendant, Rich Printing Company, brought like actions for $344.50 and $201.92 respectively, and in each action judgment was taken and the city thereupon made garnishee and the court in each action ordered the city to pay said judgment out of the funds held by it. That unless restrained these defendants will institute proceedings against the city on said orders subjecting the city to a multiplicity of suits to its irreparable injury.

That defendant, J. D. Nagel and L. S. Chapman, d. b. a. Cleveland Radio Clinic Co., and Harry Levy and defendant Enquirer Printing Co., each brought separate actions in the municipal court under like circumstances as described in the foregoing cases which are now pending.

The petition further alleges that 18 other persons have filed claims with the city, totalling about $4500.00 all of whom are threatening to bring legal proceedings in such a manner as to involve the City as garnishee, which will result in a multiplicity of suits and cause the city irreparable injury.

The city then prays that all further proceedings in the pending lawsuits be enjoined until this action can be tried and that defendants who have not yet begun actions on their respective claims, be likewise enjoined and that the court declare that plaintiff has an equitable assignment in the funds derived from the sale of tickets to apply on its rental and other charges and monies advanced under the terms of its contract with the Diamond 'D' Corporation and its assignee, The P. X. Corporation and further to declare the rights of plaintiff generally, under said contract and its relations by reason thereof with defendants with regard to the funds in its possession which were received from the operation of the Rodeo.

There can be no doubt but that plaintiff would have a legal right to seek the judgment of the court under the declaratory judgment act as to its rights and duties under the contract with The Diamond 'D' Corporation and its assignee, The P. X. Corporation, and all of the parties who claim any rights to the funds in the possession of the city by reason of carrying out the terms of such contract.

From the foregoing facts it is conclusively established that all of the proceedings instituted by several of the defendants were begun before the filing of the petition for declaratory judgment. The courts in which these actions were brought are, by law, given the necessary jurisdiction to try the issues that such actions present and that the jurisdiction of such courts has been properly invoked in each case.

The declaratory judgment act does not give to the trial court when such action is filed the power to divest other courts of competent jurisdiction of the power to proceed, try and render judgments, upon any issues of fact in cases pending therein at the time of the filing of a petition for declaratory judgment.

There is very little authority to be found upon this question, but a number of recent decisions in theory support this view. This court, in the case of **Robinson v Robinson, 79 Oh Ap Rep. 149,** held (syllabus 1):

"As between courts having concurrent and coextensive jurisdiction upon a particular subject of litigation, the court whose power is first invoked by the commencement of proper proceedings and the service of the required process, acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals."

In the case of **United States Fidelity & Guarantee Co. v Savoy Grill Ins et al, 51 Oh Ap 504,** the defendant, Savoy Grill,

was a lessee of defendant, Geo. J. Renner Property Company. One Arthur Huebschmann was accidentally killed on the premises and his administrator, Matthew Wiseman, brought action for wrongful death. When summons was served upon the Savoy Grill such defendant gave notice to The United States Fidelity & Guarantee Company to defend the action under a policy of insurance issued to said Savoy Grill. The contract of insurance provided in part that the insurance company would conduct a defense "even if such suit is groundless, false or fraudulent." Subsequent to the filing of such case and notice to the insurance company, this action was filed by such insurance company seeking a declaratory judgment as to its liability under the policy. The court held (syllabus):

"1. A court should refuse a declaratory judgment involving a judicial investigation of disputed facts, which the parties are entitled to have determined by a jury, where such facts are in issue in a pending action wherein they will again be the subject of judicial investigation between some or all of the same parties, and when such declaratory judgment would result in inconvenience and possible injustice to the party who had brought such pending action."

See also: **Royal Indem. Co v McFadden, 65 O. A. R. 15; Kane v Kane, 146 Oh St 686.**

If any of the parties in the litigation filed prior to the filing of the petition for declaratory judgment feel themselves aggrieved by the judgment of the court, wherein such action was pending, they may prosecute error proceedings. Certainly a court that attempts to enjoin another court of competent jurisdiction in litigation pending legally before it cannot do so on the assumption that such court will not come to the proper conclusion. For errors of that character, proceedings in review are the only remedy of the party aggrieved.

Borchard on Declaratory Judgments, 2d Ed. page 350, in discussing the question of other pending proceedings, says:

"Where an action or proceeding is already pending in another forum, involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by defendant or the plaintiff in that suit. This rule embraces not only cases where the identical issues between the same parties are sub judice, but also possibly cases

in which the issues only are identical but not the parties. It would include cases in which the petitioner for a declaration should legitimately be relegated to advance his claim or assertion as a defense to the action at law, naturally only under circumstances where that is possible in a pending suit."

See Purcell v Summers et al, 34 Fed. Supp. 421.

The city in its brief suggests that the foregoing quotation must be read in connection with the author's discussion of the subject of the court's right to exercise discretion in accepting or refusing jurisdiction·in a declaratory judgment action, as discussed on pages 312, 313 of Borchard on Declaratory Judgments, 2nd Edition. However, the question being presented here is whether or not in filing a petition for declaratory judgment, the court in which such petition is filed has the power to prevent another court of competent jurisdiction from proceeding to trial in a case in which its jurisdiction had previously been invoked on the same issues and therefore the question of discretion in accepting the action for declaratory judgment is not involved.

It is also suggested by the city in its brief that the defendants who have pleaded in the declaratory judgment action by filing demurrers on the jurisdictional question (said demurrers having been overruled) have thereby waived the right to seek to prohibit the declaratory judgment action from proceeding, their only remedy being that of an error proceeding. These circumstances, however,—that is the court's overruling of said demurrers and insisting upon retaining jurisdiction with regard to such defendants who have already presented their matters for litigation before courts of competent jurisdiction,—very strongly point to the need of a writ of prohibition, the court being entirely without jurisdiction to try the issues already presented in the cases pending prior to the filing of the action for declaratory judgment.

We conclude, therefore, that the city's petition for a declaratory judgment may proceed as to such of the parties whose claim to the funds held by the city have not been, previous to the filing of this action, the subject of an action filed in a court of competent jurisdiction. As to those defendants whose claims have been presented by actions in a court of competent jurisdiction and which actions were pending prior to the filing of such declaratory judgment, the filing of the declaratory judgment action cannot divest the court which first acquired jurisdiction of the parties of the

right to proceed, nor does such petition for declaratory judgment empower the common pleas court to restrain further proceedings in such pending actions until the trial of the issues presented in the action for a declaratory judgment.

The writ of prohibition is therefore allowed as to such of the defendants in the declaratory judgment action as have submitted their claims to the funds held by the city for a determination by an action, either in the municipal court of Cleveland or in the common pleas court of Cuyahoga County. As to all other defendants the writ is denied.

MORGAN, J, concurs.

### DISSENTING OPINION

HURD, PJ, dissents as to the allowance of the writ in part, on the ground that there is a plain and adequate remedy at law by way of appeal in the event of an adverse decision in the common pleas court; that the relator has submitted to the jurisdiction of common pleas court by filing a demurrer and answer when said demurrer was overruled and on the further ground that there is jurisdiction of the common pleas court to try the issues raised by the petition and pleadings for declaratory judgment.